UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. CASS, III,
a/k/a JUSTIN STEVENS,

        Petitioner,

v.

        CASE NO. 04-CV-74802-DT
        HONORABLE GEORGE CARAM STEEH

PATRICIA CARUSO, *et al.*,

        Respondents.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR REINSTATEMENT,
FOR ORAL ARGUMENTS, AND FOR IMMEDIATE CONSIDERATION**

    Petitioner James N. Cass, III, who is also known as Justin Stevens, has moved for reinstatement of his habeas corpus petition. Also pending before the Court are Petitioner's motions for oral arguments and for immediate consideration of his habeas petition.

    The Court summarily dismissed Petitioner's habeas corpus petition on December 28, 2004, because Petitioner had failed to exhaust state remedies for his claims. Petitioner asserts in his motion for reinstatement that he subsequently exhausted his state remedies. Exhibits to the motion indicate that the Michigan Court of Appeals dismissed Petitioner's appeal on September 14, 2005, and the Michigan Supreme Court denied leave to appeal on February 27, 2006. The sole ground for habeas relief is that state officials erroneously ordered Petitioner's felony firearm conviction to run consecutively to his 1996 drug conviction, which, according to Plaintiff, is not the predicate offense.

    Records maintained by the Michigan Department of Corrections indicate that Petitioner

was discharged from custody on May 20, 2006.  *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=250285.  The issue, therefore, is whether Petitioner's claim is moot.  As explained by the Eleventh Circuit in *Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001):

> If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.  *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam).  Indeed, dismissal is required because mootness is jurisdictional.  *See Florida Ass'n of Rehab. Facilities* [*v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000)] (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction.")).  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48).

*Id*. at 1336.

 Petitioner contends that his claim is not moot, because collateral consequences will continue to flow from the state court judgment under attack.  It is true that "mere release of the prisoner does not mechanically foreclose consideration of the merits" of a habeas petition by a federal court.  *Sibron v. New York*, 392 U.S. 40, 51 (1968). "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.* at 57.

Petitioner, however, is not attacking his underlying conviction.  He challenges only the calculation of his sentence, which has fully expired.  Because he has been released on his maximum discharge date, his claim "is no longer 'live,'" and he no longer has "a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).   The Court therefore concludes that Petitioner's habeas claim is moot and that the exception for collateral consequences does not apply.

Mootness deprives the Court of its power to act, because there is nothing to remedy, even

if the Court were disposed to do so.  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).  Courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."  *Id.*  Accordingly, Petitioner's motions for reinstatement of his habeas petition, for oral argument, and for immediate consideration [Docs. 6-8, Mar. 7, 2006] are DENIED.

Dated:  July 11, 2006

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 11, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk